Robert E. SAMUEL and John
Watkins, Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF
HEALTH SERVICES, Beverlee A.
Myers, et al., Defendants.

Reba KATZ and Betty Weiss, citizens, residents, and taxpayers of the City and County of Los Angeles, State of California, Plaintiffs,

v.

Beverlee A. MYERS, Director of the California Department of Health Services; and DOES I–X, Defendants.

Nos. C–82–1829 EFL, C–82–3126 EFL.

United States District Court,
N.D. California.

Aug. 31, 1983.

Himelstein, Savinar, Petrocelli & Curtice, San Francisco, Cal., National Senior Citizens Law Center, Los Angeles, Cal., Bet Tzedek Legal Services, Los Angeles, Cal., for plaintiffs.

George Deukmejian, Atty. Gen., Charlton G. Holland, Asher Rubin, Deputy Attys. Gen., George Christopher Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM OF DECISION

LYNCH, District Judge.

Plaintiffs in these related actions seek a declaration that the limitation on reimbursement to health care providers for services rendered to Medi-Cal beneficiaries who are also Medicare beneficiaries ("crossover beneficiaries"), as enacted by California Welfare & Institutions Code section 14109.5, is in violation of federal Medicaid law and regulations. Specifically, plaintiffs in No. C–82–3126 EFL seek a declaration that Welfare & Institutions Code section 14109.5 violates 42 U.S.C. section 1396(a)(15) and 42 U.S.C. section 1396h(d)(1); plaintiffs in No. C–82–1829 EFL seek a declaration that Welfare and Institutions Code section 14109.5 violates 42 U.S.C. section 1396(a)(15), 42 C.F.R. section 447.204, and 42 C.F.R. section 431.51. Plaintiffs in No. C–82–1829 EFL have requested leave to amend their complaint to allege that section 14109.5 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs in both cases also seek a preliminary and permanent injunction against the State from implementing Welfare & Institutions Code section 14109.5.

Plaintiffs in both cases have moved for summary judgment. Defendants have moved for summary judgment in No. C–82–1829 EFL. The parties have stipulated that defendants' motion for summary judgment shall be deemed to have been filed in both cases.

For the reasons stated herein, the Court concludes the following:

(1) California Welfare & Institutions Code section 14109.5 does not violate 42 U.S.C. section 1396a(a)(15) because the State plan incorporates the means test requirement of section 1396(a)(15) into the prerequisites for certification for Medi-Cal.

(2) Individuals to whom health care services are provided for which Medi-Cal pays Medicare Part B premiums pursuant to the State's buy-in agreement with the Secretary of Health and Human Services receive health care services under the State plan even though the health care provider is reimbursed by Medicare for 80% of the "reasonable cost" of such services.

(3) Even when the limitation on reimbursement effected by California Welfare & Institutions Code section 14109.5 results in the absence of a deductible or coinsurance payment from the Medi-Cal program for services covered by Medicare Part B by reason of the buy-in agreement, 42 U.S.C. section 1396h(d)(1) prohibits a health care provider from collecting from a crossover beneficiary Medicare Part B costs in excess of any amounts the individual may be required to pay in order to meet the monthly Medi-Cal share of cost requirement for certification.

(4) Welfare & Institutions Code section 14109.5 does not violate 42 C.F.R. section 447.204 because section 14109.5 does not reduce State reimbursement for health care services provided to crossover beneficiaries below the State reimbursement rates for services provided to any other category of Medi-Cal beneficiaries.

(5) Welfare & Institutions Code section 14109.5 does not violate 42 C.F.R. section 431.51 because the State plan does not limit a Medi-Cal recipient's choice of qualified health care providers from among those who undertake to provide services to Medi-Cal patients.

## I.

California's Medi-Cal program, set forth in California Welfare & Institutions Code sections 14000 to 14194, is the State's plan

to provide reimbursement to health care providers for necessary medical services rendered to certain needy individuals whose income and resources are insufficient to meet the costs of these services. Cal.Welf. & Inst.Code § 14000. Under the federal-State cooperative Medicaid program, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396i, California receives federal funds appropriated to help finance the State plan so long as the plan is approved by the Secretary of Health and Human Services, 42 U.S.C. §§ 1396, 1396b, and meets certain requirements, *id.* § 1396a(a); 42 C.F.R. §§ 447.1–447.371.

The wholly federal Medicare program, set forth in Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395–1395xx, provides federal reimbursement for medical care services rendered to the aged and to certain disabled persons under age 65, without regard to the individual's income or resources. Part A of this program, 42 U.S.C. §§ 1395c–1395i, provides federal insurance for inpatient hospital services, post-hospital extended care services, and post-hospital home health services. Part B of this federal program, 42 U.S.C. §§ 1395j–1395w, is a voluntary insurance program to provide medical insurance benefits for eligible individuals who elect to enroll under the program. It is financed by premium payments by enrollees together with contributions from funds appropriated by the federal government. The beneficiary also pays a deductible of $75 per year and a coinsurance payment of 20% of the reasonable charges for covered services. *Id.* § 1395*l*.

Under the Medicare program a State may enter into a "buy-in" agreement with the Secretary by which the State enrolls eligible individuals covered by the State's Medicaid plan in the federal Part B Medicare insurance program by paying the Medicare premiums for such individuals. 42 U.S.C. § 1395v. These agreements must contain certain provisions with respect to the payment of deductible amounts and copayments as will facilitate financial transactions. *Id.* § 1395v(f). If the State plan does not provide for full payment by the State of such amounts, the portion thereof that is met by the State must be determined on a basis reasonably related to the income and resources of the enrolled individual. *Id.* § 1396a(a)(15).

California has entered into a buy-in agreement with the Secretary that provides for State payment of Medicare Part B premiums on behalf of all individuals eligible under California's approved Title XIX plan (Medi-Cal). *See* 22 Cal.Admin.

Prior to January 1, 1982 the State paid all deductible and coinsurance costs on behalf of all individuals who were enrolled in Medicare Part B under the buy-in agreement.

The amendment to the Medi-Cal plan at issue in these related cases is California Welfare & Institutions Code section 14109.5, which states in pertinent part: "Notwithstanding the provisions of Section 14109, effective January 1, 1982, the reimbursement rate for costs specified in Section 14109 shall, to the extent feasible, not exceed the reimbursement rate for similar services established under this chapter."[1] This amendment is reflected in a revision of the buy-in agreement, approved by the Secretary September 3, 1982, effective retroactively to July 1, 1982. (No. C–82–1829 EFL, Defendants' Points and Authorities, Exhibit D). The agreement now provides for the payment of Medicare deductible and coinsurance costs, not to exceed the State's reimbursement maximums after deduction of the Medicare payment.

As the provision in the federal Medicaid statute does not require a hearing or formal findings on a record for approval by the

---

1. Cal.Welf. & Inst.Code § 14109 provides: "In determining the medical needs of any person eligible under this chapter, and the amount of health care such person is entitled to receive, the department shall include the cost of any deductibles or, cost sharing or similar charge imposed in connection with benefits to which such person may be entitled under the federal program of health insurance for the aged and disabled, except that for those individuals 65 years of age or over, who prior to July 1, 1973, were ineligible under the federal program of health insurance for the aged, the director may include such costs."

Secretary of Health and Human Services, 42 U.S.C. § 1396b, approval by the Secretary of the State's revision of the Medi-Cal plan is reviewed under the standard set forth in 5 U.S.C. § 706(2)(A): "The reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law: ...." *See Hotel Emp. Ass'n of San Francisco v. Gorsuch,* 669 F.2d 1305, 1307 (9th Cir.1981).

## II.

Plaintiffs' argument that section 14109.5 violates 42 U.S.C. § 1396a(a)(15) is based on the language in that portion of the Medicaid statute setting forth the requirement that a state plan for medical assistance must:

> in the case of eligible individuals 65 years of age or older who are covered by either or both of the insurance programs established by subchapter XVIII of this chapter, *provide where, under the plan, all of any deductible, cost sharing, or similar charge imposed with respect to such individual* under the insurance program established by such subchapter *is not met, the portion thereof which is met shall be determined on a basis reasonably related* (as determined in accordance with standards approved by the Secretary and included in the plan) *to such individual's income or his income and resources;*

(emphasis added). Plaintiffs contend that California Welfare & Institutions Code section 14109.5 is in violation of this federal requirement because under section 14109.5 the portion of deductible and coinsurance costs of the Medicare insurance met by Medi-Cal is determined not by an evaluation of an individual's income and resources, but rather by the amount by which the Medi-Cal maximum reimbursement rate for the particular service provided exceeds the

Medicare contribution of 80% of the amount Medicare has determined a "reasonable charge" for the customary service.

Plaintiffs focus on the language in section 1396a(a)(15) directing the State to adjust the portion of Medicare deductible and coinsurance costs *met* by the State to an individual's means. They argue that this plain language of the statute places an affirmative duty on the State plan to relate the State's contribution to a beneficiary's ability to pay the unmet remainder.

This argument presupposes that the intent of the statute is to assure the health care provider full payment of Medicare Part B deductible and coinsurance costs incurred by a Medi-Cal crossover enrollee through a combination of State and beneficiary contributions. Whether this was a legislative goal is unclear.[2] The intent of section 1396a(a)(15) most clearly reflected in the legislative history, however, is to protect the beneficiary:

> A State medical assistance plan may provide for the payment in full of any deductibles or cost sharing under the insurance program established by part B of title XVIII. In the event, however, the State plan provides for the individual to assume a portion of such costs, such portion shall be determined on a basis reasonably related to the individual's income, or income and resources and in conformity with standards issued by the Secretary. The Secretary is authorized to issue standards—under this provision which, it is expected, will protect the income and resources of the individual needed for his maintenance—to guide the States. Such standards shall protect the income and resources of the individual needed for his maintenance and provide assurance that the responsibility placed on individuals to share in the cost shall not be an undue burden on them.

**2.** The Court notes that had the statute required a State plan to relate the *unmet* portion of Medicare Part B deductible and coinsurance costs to a beneficiary's income, the statute would then have effectively required the State to meet whatever costs a beneficiary could not

pay. This would have created an exception to the latitude granted States in establishing the fees to be paid providers for Medicaid services. *See* 42 C.F.R. § 431.51(c); *American Medical Ass'n v. Mathews,* 429 F.Supp. 1179, 1195 (N.D.Ill.1977).

Senate Report No. 404, 89th Cong., 1st Sess, June 30, 1965, *reprinted in* 1965 U.S.Cong. & Admin.News 1943, 2020.

 Section 14109.5 in and of itself does not appear to base the State's contribution to Medicare deductible and coinsurance costs on an evaluation of an individual's income and resources, but other provisions of the State plan effectively do so at least insofar as the intent of section 1396a(a)(15) to protect the *beneficiary* from the imposition of an undue burden is concerned. Under the Medi-Cal plan a person who is receiving a public assistance cash grant is automatically certified for Medi-Cal benefits for the month in which he or she receives the grant because eligibility for the cash grant is based on insufficient income and resources for maintenance costs. Cal. Welf. & Inst.Code § 14005.1; 22 Cal.Admin. Code § 50227. A person whose income and resources exceed the level for cash grant eligibility is required to meet a monthly share of cost, the amount by which non-exempt income exceeds maintenance need, before certification for Medi-Cal coverage for that particular month. Cal.Welf. & Inst. Code § 14005.7; 22 Cal.Admin.Code §§ 50203, 50603. If a person is not yet certified for Medi-Cal because he or she has not met the monthly pre-certification share of cost imposed when there is excess income, any deductible or coinsurance costs of Medicare are paid by the individual but credited to the Medi-Cal pre-certification share of cost. *See* Cal.Welf. & Inst.Code § 14109. Thus, rather than apply a separate means test for those individuals eligible for Medicare, Medi-Cal has incorporated the means test requirement of section 1396a(a)(15) into its monthly pre-certification share of cost requirement. Once an individual is certified for Medi-Cal benefits no further responsibility is placed on the individual to share in Medicare deductible and coinsurance costs because the health care provider who then receives further Medicare deductible and coinsurance payments through the Medi-Cal reimbursement

system is prohibited from seeking additional amounts from the Medi-Cal beneficiary by Welfare & Institutions Code section 14019.4(a). That provision states:

> Any provider of health care services who obtains a label or copy from the Medi-Cal card or other proof of eligibility pursuant to this chapter shall not seek reimbursement nor attempt to obtain payment for the cost of such covered health care services from the eligible applicant or recipient, or any person other than the department or third party payer who provides a contractual or legal entitlement to health care services.

Cal.Welf. & Inst.Code § 14019.4(a).[3]

Thus, so long as the interface of Medi-Cal and Medicare operate as above, section 14109.5 does not violate section 1396a(a)(15). Any contribution by the individual to Medicare Part B deductible and coinsurance costs is made because the individual's income and resources are determined to be sufficient to meet that portion of such costs; any contribution by the State to the remaining costs is made once the individual's excess income and resources have been exhausted. Accordingly, the approval by the Secretary of California's reduction of the Medi-Cal reimbursement for Medicare Part B deductible and coinsurance costs was reasonable.

### III.

Plaintiff's second challenge to section 14109.5 is that the State has interpreted the new provision such that it is contrary to statutory and regulatory provisions that prohibit a health care provider from seeking remuneration directly from a Medi-Cal beneficiary. The applicable provisions are 42 U.S.C. section 1396h(d)(1), 42 C.F.R. section 447.15, California Welfare & Institutions Code section 14019.4(a), and 22 California Administrative Code section 51002.

The provision in the federal statute, 42 U.S.C. section 1396h(d)(1) states:

---

**3.** A health care provider may, however, collect from the patient a nominal copayment in addition to the reimbursement otherwise due from

the State for services rendered under the Medi-Cal program, pursuant to Welf. & Inst.Code § 14134 and 22 Cal.Admin.Code § 51471(a)(3).

Whoever knowingly and willfully—

(1) charges, *for any service provided to a patient under a State plan* approved under this subchapter, money or other consideration at a rate in excess of the rates established by the State, or

(2) charges, solicits, accepts, or receives, in addition to any amount otherwise required to be paid under a State plan approved under this subchapter, any gift, money, donation, or other consideration (other than a charitable, religious, or philanthropic contribution from an organization or from a person unrelated to the patient)—

(A) as a precondition of admitting a patient to a hospital, skilled nursing facility, or intermediate care facility,

(B) as a requirement for the patient's continued stay in such a facility, *when the cost of the services provided therein to the patient is paid for (in whole or in part) under the State plan,* shall be guilty of a felony and upon conviction thereof shall be fined not more than $25,000 or imprisoned for not more than five years, or both.

(Emphasis added.) The regulation that requires a State plan to incorporate a provision for enforcement of 42 U.S.C. section 1396h(d)(1) is 42 C.F.R. section 447.15: "A State plan must provide that the Medicaid agency must limit participation in the Medicaid program to providers who accept, as payment in full, the amounts paid by the agency."

California Welfare & Institutions Code section 14019.4(a) states:

Any provider of health care services who obtains a label or copy from the Medi-Cal card or other proof of eligibility pursuant to this chapter shall not seek reimbursement nor attempt to obtain payment for the cost of such covered health care services from the eligible applicant or recipient, or any person other than the department or third party payer who provides a contractual or legal entitlement to health care services.

The Medi-Cal regulation in 22 California Administrative Code Section 51002 states:

(a) A provider of service under the Medi-Cal program shall not submit claims to or demand or otherwise collect reimbursement from a Medi-Cal beneficiary, or from other persons on behalf of the beneficiary, for any service included in the Medi-Cal program's scope of benefits in addition to a claim submitted to the Medi-Cal program for that service, except to:

(1) Collect payments due under a contractual or legal entitlement pursuant to Section 14000(b) of the Welfare and Institutions Code.

(2) Bill a long-term care patient for the amount of his liability.

(3) Collect copayment pursuant to Welfare and Institutions Code Section 14134.

Plaintiffs allege a violation of these provisions by reason of the State policy that permits a health care provider to ignore the Medi-Cal certified status of an individual enrolled in Medicare Part B insurance through the buy-in agreement and to seek reimbursement strictly under Medicare rather than a combination of Medicare and Medi-Cal, thus placing on the crossover beneficiary the entire burden of Medicare Part B deductible and coinsurance costs.

Although section 14109.5 does not itself provide or imply that straight Medicare billing of crossover beneficiaries is an available alternative to health care providers, the California Department of Health Services has advised health care providers that their right to refuse a Medi-Cal patient includes the right to refuse to accept as a Medi-Cal patient an individual who has been enrolled in Medicare Part B through the buy-in agreement and instead to bill the patient for the deductible and coinsurance costs that Medicare does not pay as if the patient were covered only by Medicare. (No. C–82–3126 EFL, Plaintiffs' Points and Authorities, Exhibit B). The California Department of Health Services bases this interpretation on the view that the Medicare and Medicaid programs are separate programs and that the prohibitions against direct Medicare billing of crossover beneficiaries set forth in Welfare & Institutions Code section 14019.4 and in 22 California

Administrative Code section 51002 do not apply if the health care provider does not submit any claim for reimbursement to the Medi-Cal program. Thus, even though the crossover beneficiary is eligible for Medicare Part B coverage only because Medi-Cal has paid the Medicare Part B premiums, the Department of Health Services has determined that direct billing of crossover beneficiaries for Medicare Part B deductible and coinsurance costs is permissible so long as the health care provider does not submit a claim for Medicare Part B deductible and coinsurance costs to the Medi-Cal program.

The Court disagrees with the State interpretation.

■ It is apparent that the California provisions that prohibit a health care provider from collecting reimbursement from a Medi-Cal beneficiary are not triggered until the provider accepts the patient as a Medi-Cal patient and thereafter submits a reimbursement claim to the Medi-Cal program. However, when the State Medi-Cal program purchases Medicare Part B insurance for eligible beneficiaries through the buy-in agreement pursuant to 42 U.S.C. section 1395v, the State incorporates into its plan the coverage provided by Medicare Part B. Under the Medi-Cal program an individual who is applying for Medi-Cal on the basis of being aged, blind, or disabled is required by the Medi-Cal plan to apply for Medicare Part B benefits. 22 Cal.Admin.Code § 50777. For these individuals the payment of Medicare Part B premiums by the State program becomes effective thereafter, and continues for each month the individual establishes eligibility for Medi-Cal certification either because he or she is categorically eligible as a recipient of a public assistance cash grant or because he or she is less needy but has met the share of cost requirement for Medi-Cal certification. *Id.* § 50773. As of the date State payment of Medicare Part B premiums under the buy-in agreement becomes effective, *see* Cal.Admin.Code § 50773(b), any Medicare Part B coverage is included in the Medi-Cal program's scope of benefits. A health care provider who accepts a crossover benefi-

ciary therefore must accept the patient as a Medi-Cal patient for purposes of 22 California Administrative Code section 51002 regardless of whether the health care provider receives reimbursement solely from the federal Medicare Part B contribution or from a combination of the federal Medicare Part B contribution of 80% of the reasonable charge and a State Medi-Cal reimbursement for some or all of the remaining 20%. Payment by the State Medi-Cal program of Medicare Part B premium costs is also sufficient to trigger the prohibition in 42 U.S.C. section 1396h(d)(1) even in the absence of further contribution by the Medi-Cal program to the Medicare Part B deductible and coinsurance costs.

### IV.

Plaintiffs in No. C–82–1829 EFL have alleged in their complaint two additional harmful effects of California Welfare & Institutions Code section 14109.5: (1) Section 14109.5 will effectively deny plaintiffs access to care in violation of 42 C.F.R. section 447.204 because reduction in reimbursement to doctors will result in denial of treatment to plaintiffs; (2) section 14109.5 will effectively deny plaintiffs their free choice of physicians in violation of 42 C.F.R. section 431.51 because reduction in reimbursement to doctors will result in discontinuance of treatment by doctors.

Section 447.204 provides: "The agency's payments must be sufficient to enlist enough providers so that services under the plan are available to recipients at least to the extent that those services are available to the general population." 42 C.F.R. § 447.204.

■ Section 14109.5 does not reduce State reimbursement for health care services provided to crossover beneficiaries below the State reimbursement rates for services provided to any other category of Medi-Cal beneficiaries. Plaintiffs do not allege that the State reimbursement rates for services provided to Medi-Cal beneficiaries in general are insufficient to enlist enough providers to satisfy the requirements of 42 C.F.R. section 447.204. In addition, defend-

ants have submitted evidence that for the fiscal year 1980 to 1981 there were 33,686 solo physicians and 4,434 physician groups that obtained payments from Medi-Cal, which represents a minimum of 80% of the total number of physicians reported by the California Medical Association as involved in patient care in California. (No. C–82–1829 EFL, Defendants' Points and Authorities, Exhibit A.) Plaintiffs have not disputed these figures. This represents a sufficient participation rate to support the validity of the reimbursement fee schedule for services provided to Medi-Cal beneficiaries in general. *See District of Columbia Podiatry Society v. District of Columbia,* 407 F.Supp. 1259 (D.D.C.1975). The Court finds that section 14109.5 does not effectively violate 42 C.F.R. section 447.204.

■ The remaining regulatory provision that plaintiffs allege is effectively violated by section 14109.5 is 42 C.F.R. section 431.51(b). That regulation requires that a state plan "provide that a recipient may obtain Medicaid services from any institution, agency, pharmacy, person, or organization that is qualified to perform the services, including an organization that provides these services or arranges for their availability on a prepayment basis." Section 431.51(b), however, does not establish a guarantee that a recipient may choose from all qualified providers of medical assistance without regard to the willingness of the health care provider to accept a Medi-Cal patient. It merely establishes the right to obtain Medicaid services from any qualified health care provider who undertakes to provide services under the Medicaid program. *See* 42 U.S.C. § 1396a(a)(23); *see also O'Bannon v. Town Court Nursing Center,* 447 U.S. 773, 785–86, 100 S.Ct. 2467, 2475–76, 65 L.Ed.2d 506 (1980). The Court finds that section 14109.5 does not effectively violate 42 C.F.R. section 431.51(b) because it does not limit a Medi-Cal recipient's choice of qualified health care providers from among those who voluntarily participate in the Medi-Cal program.

## V.

Plaintiffs in No. C–82–1829 EFL have also requested leave to amend their complaint to allege the additional theory that section 14109.5 violates plaintiffs' rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution because crossover beneficiaries are treated differently from individuals covered solely by Medi-Cal in that doctors are permitted to collect Medicare Part B costs from crossover beneficiaries in excess of Medi-Cal reimbursement rates.

Leave to so amend is hereby DENIED.

■ Plaintiffs clearly cannot now state a claim for violation of the equal protection clause on this basis because the Court has herein determined that health care services provided to crossover beneficiaries are provided under the State plan and that the prohibitions of 42 U.S.C. section 1396h(d)(1) therefore apply such that collection of Medicare Part B deductible and coinsurance costs from a crossover beneficiary is impermissible.

## VI.

The Court having concluded that California Welfare & Institutions Code section 14109.5 does not violate 42 U.S.C. section 1396a(a)(15), 42 C.F.R. section 447.204, and 42 C.F.R. section 431.51, plaintiffs' motion for summary judgment as to those issues is hereby DENIED; defendants' motion for summary judgment as to those issues is hereby GRANTED.

Having concluded that a health care provider who accepts a crossover beneficiary must accept the patient as a Medi-Cal patient for purposes of 22 California Administrative Code section 51002 and that the prohibitions of 42 U.S.C. section 1396h(d)(1) apply when services are provided to a crossover beneficiary regardless of the source of reimbursement, the Court hereby enjoins the State defendants from advising health care providers that it is permissible to accept crossover beneficiaries as beneficiaries solely of the Medicare Part B program.

IT IS SO ORDERED.