Robert E. SAMUEL and John Watkins, Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF HEALTH SERVICES, Beverlee A. Myers, et al., Defendants.

Reba KATZ and Betty Weiss, citizens, residents, and taxpayers of the City and County of Los Angeles, State of California, Plaintiffs,

v.

Beverlee A. MYERS, Director of the California Department of Health Services; and Does I–X, Defendants.

Nos. C–82–1829 EFL, C–82–3126 EFL.

United States District Court, N.D. California.

Oct. 19, 1983.

---

274

Sally Hart Wilson, Gill W. Deford, Neal S. Dudovitz, Nat. Senior Citizens Law Center, Terry B. Friedman, Elyse S. Kline, Carol Small, Harriet Prensky, Bet Tzedek Legal Services, Nursing Home Advocacy Project, Los Angeles, Cal., for plaintiffs Katz and Weiss.

Joseph P. Russoniello, U.S. Atty., George Christopher Stoll, Asst. U.S. Atty., San Francisco, Cal., for Federal defendants.

George Deukmejian, Atty. Gen., State of Cal., Charlton G. Holland, Asher Rubin, Deputy Attys. Gen., San Francisco, for State defendants.

Lawrence L. Curtice, William R. Petrocelli, Himelstein, Savinar, Petrocelli & Curtice, San Francisco, for plaintiffs Samuel and Watkins.

## ORDER GRANTING PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT

LYNCH, District Judge.

This matter comes before the Court on plaintiffs' motion to alter or amend the Court's judgment under Fed.R.Civ.P. 59(e). Having reviewed its opinion in *Katz v. Myers,* 570 F.Supp. 566 (D.C.Cal.1983), the memoranda of both parties, and the arguments made by plaintiffs' counsel at the hearing,[1] the Court GRANTS plaintiffs' motion and amends its opinion as follows:

■ The Court orders the State defendants to notify health care providers that it is now impermissible to accept crossover beneficiaries as beneficiaries solely of the Medicare Part B program. Defendants must notify only those health care providers who defendants had previously advised that the prohibited practice is permissible.

■ The Court further grants in part plaintiffs' motion for attorneys' fees. Although the Court denied this motion on the record at the hearing on October 14, 1983, the Court has reconsidered plaintiffs' request for attorneys' fees and re-examined the case law. *See Harmon v. San Diego Co.,* 664 F.2d 770 (9th Cir.1981); *Molina v. Richardson,* 578 F.2d 846 (9th Cir.1978); *Southeast Legal Defense Group v. Adams,* 436 F.Supp. 891 (D.Or. 1977). Under 42 U.S.C. § 1988 and the controlling case law, plaintiffs are entitled to an award of attorneys' fees incurred in litigating the issues on which they have prevailed. If the parties cannot agree on the amount within 60 days of the date of this order, plaintiffs should file a motion and accompanying affidavits with this Court.

IT IS SO ORDERED.

---

1. Counsel for the defendants did not appear at the hearing.